# EXHIBIT A

| | |
|---|---|
| WILLARD JACOBS, on behalf of himself and all others similarly situated,<br>P. O. Box 135<br>Lydia, South Carolina 29079<br><br>      Plaintiff,<br><br>vs.<br><br>NOLAN D. ARCHIBALD<br>701 E. Joppa Road<br>Towson, Maryland 21286<br><br>NORMAN R. AUGUSTINE<br>701 E. Joppa Road<br>Towson, Maryland 21286<br><br>BARBARA L. BOWLES<br>701 E. Joppa Road<br>Towson, Maryland 21286<br><br>GEORGE W. BUCKLEY<br>701 E. Joppa Road<br>Towson, Maryland 21286<br><br>M. ANTHONY BURNS<br>701 E. Joppa Road<br>Towson, Maryland 21286<br><br>KIM B. CLARK<br>701 E. Joppa Road<br>Towson, Maryland 21286<br><br>MANUEL A. FERNANDEZ<br>701 E. Joppa Road<br>Towson, Maryland 21286<br><br>BENJAMIN H. GRISWOLD<br>701 E. Joppa Road<br>Towson, Maryland 21286<br><br>ANTHONY LUISO<br>701 E. Joppa Road<br>Towson, Maryland 21286 | IN THE<br><br>CIRCUIT COURT<br><br>FOR<br><br>BALTIMORE COUNTY<br><br>Civil Action No.: C-09-13661<br><br>*RECEIVED AND FILED*<br>*2009 NOV 10 PH 3:36*<br>*CLERK OF THE CIRCUIT COURT*<br>*BALTIMORE COUNTY* |

#1182538v.1

| |
|---|
| ROBERT L. RYAN<br>701 E. Joppa Road<br>Towson, Maryland 21286<br><br>MARK H. WILLES<br>701 E. Joppa Road<br>Towson, Maryland 21286<br><br>THE BLACK & DECKER CORPORATION<br>701 E. Joppa Road<br>Towson, Maryland 21286<br>**Serve on: Resident Agent:**<br>Natalie A. Shields<br>701 E. Joppa Road<br>Towson, Maryland 21286<br><br>THE STANLEY WORKS, INC.<br>1000 Stanley Drive<br>New Britain, CT 06053<br>**Serve on: Resident Agent:**<br>The Corporation Trust Incorporated<br>30 E. Lombard Street<br>Baltimore, Maryland 21202<br><br>                              Defendants. |

## CLASS ACTION COMPLAINT

Plaintiff alleges upon knowledge as to his own acts and upon information and belief as to all other matters, as follows:

### SUMMARY OF THE ACTION

1. This is a stockholder class action brought by plaintiff on behalf of himself and the public shareholders of The Black & Decker Corporation ("Black & Decker" or the "Company") against the directors of Black & Decker, and The Stanley Works, Inc. ("Stanley") arising out of their agreement to sell Black & Decker to Stanley via an unfair process (the "Proposed Transaction"). In pursuing the Proposed Transaction each of the defendants has violated applicable law by directly

- 2 -

#1182538v.1

breaching and/or aiding breaches of fiduciary duties of loyalty and due care owed to plaintiff and the proposed class.

2. Under the terms of the Proposed Transaction, Stanley will acquire all of Black & Decker's outstanding shares of common stock for approximately $3.46 billion after which Black & Decker will merge with Stanley. The Proposed Transaction has been approved by the board of directors of both Black & Decker and Stanley. Each Black & Decker shareholder is to receive 1.275 shares of Stanley for each Black & Decker share, for a value of $57.57 per share (the "Offer Price"). The Offer Price represents a premium of 22% on the trading price of Black & Decker stock prior to the announcement of the Proposed Transaction, but a discount to the trading price of the Company's shares in October 2008. Given the recent global recession, and its negative impact on the stock exchanges in general, the 22% premium is illusory.

3. The Proposed Transaction will result in Black & Decker's shareholders losing control of the Company, and having a 49.5% 'ownership' in Stanley. Following the Proposed Transaction, six Black & Decker directors will join the Stanley Board of Directors. Therefore, said directors receive benefits in the Proposed Transaction not enjoyed by the Company's shareholders and Stanley will maintain control of its board of directors. The Proposed Transaction represents a 'change in control' of Black & Decker.

4. The Proposed Transaction is the product of a flawed process that is designed to ensure the sale of Black & Decker to Stanley on terms preferential to Stanley but detrimental to plaintiff and the other public stockholders of Black & Decker. Plaintiff seeks to enjoin the Proposed Transaction, or alternatively, in the event the Proposed Transaction is consummated, plaintiff seeks to recover damages caused by the breaches of fiduciary duties owed to the Company's shareholders.

## PARTIES

5. Plaintiff is, and has been at all times relevant hereto, a Black & Decker shareholder.

- 3 -

#1182538v.1

6. Black & Decker is incorporated under the laws of the State of Maryland and headquartered in Towson in the same State. Black & Decker was founded in 1910 and manufactures and markets power tools and accessories, hardware, home improvement products, and fastening systems. The Company's stock trades on the New York Stock Exchange under the ticker symbol ("BDK").

7. Defendant Stanley is a publicly traded company organized under the laws of the state of Connecticut and located in New Britain, in the same State. Stanley shares trade on the New York Stock Exchange under the symbol ("SWK"). Stanley also manufactures tools and other construction related products. Defendant Stanley is to proposing to purchase Black & Decker in a deal worth $3.46 billion.

8. Defendant Nolan D. Archibald ("Archibald") is a Company director and has served as a director since 1985. Archibald was elected President and Chief Operating Officer of Black & Decker in 1985 and Chief Executive Officer in 1986. He has served continuously in the additional position of Chairman of the board since 1987. Archibald also serves on the board of directors of several other large companies, including Brunswick Corporation, Lockheed Martin Corporation, and Huntsman Corporation. Pursuant to the terms of the Proposed Transaction, defendant Archibald is to become a director of Stanley and serve as Stanley's executive chairman for a period of three years. In addition, pursuant to the terms of his employment contract with Black & Decker, defendant Archibald will receive approximately $13 million in 'change of control' payments following consummation of the Proposed Transaction.

9. Defendant Norman R. Augustine ("Augustine") is a Company director and has served as a director since 1997. Defendant Augustine is a former Chairman and Chief Executive Officer of the Lockheed Martin Corporation, on whose board of directors defendant Archibald serves. Defendant Augustine is also a member of the Deutsche Bank Americas Client Advisory Board.

10. Defendant Barbara L. Bowles ("Bowles") is a Company director and has served as a director since 1993.

11. Defendant George W. Buckley ("Buckley") is a Company director and has served as a director since 2006. Defendant Buckley is a former President and Chief Operating Officer of the Brunswick Corporation, on whose board of directors defendant Archibald serves.

12. Defendant M. Anthony Burns ("Burns") is a Company director and has served as a director since 2001.

13. Defendant Kim B. Clark ("Clark") is a Company director and has served as a director since 2003.

14. Defendant Manuel A. Fernandez ("Fernandez") is a Company director and has served as a director since 1999. Defendant Fernandez also serves on the board of the Brunswick Corporation, alongside defendant Archibald, and on the board of directors of Flowers Food, Inc.

15. Defendant Benjamin H. Griswold, IV ("Griswold") is a Company director and has served as a director since 2001. Defendant Griswold also serves on the Deutsche Bank Americas Client Advisory Board alongside Defendant Augustine, and on the board of directors of Flowers Food, Inc. alongside Defendant Fernandez.

16. Defendant Anthony Luiso ("Luiso") is a Company director and has served as a director since 1988.

17. Defendant Robert L. Ryan ("Ryan") is a Company director and has served as a director since 2005. Defendant Ryan also serves on the board of directors of General Mills.

18. Defendant Mark H. Willes ("Willes") is a Company director and has served as a director since 2004. Defendant Willes is a former director of General Mills, on whose board of directors defendant Ryan now serves.

#1182538v.1

19. The defendants identified in paragraphs 8 through 18 are at times collectively referred to as the Individual Defendants. Six of the Individual Defendants, currently unidentified with the exception of defendant Archibald, are to serve on the Board of Directors of Stanley following consummation of the Proposed Transaction. Given that six of the Individual Defendants have taken employment with Stanley, and given the interlocking relationship between said defendants by virtue of their positions on various other boards of directors, it is unlikely the decision to consummate the Proposed Transaction was ever approved by a committee of independent Company directors.

20. The Individual Defendants, as officers and directors of the Company, owe fiduciary duties to the public shareholders. As alleged herein, they have breached their fiduciary duties by failing to maximize shareholder value in a proposed sale of the Company.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on his own behalf and as a class action pursuant to Maryland Rule 2-231, on behalf of all holders of Black & Decker stock who are being and will be harmed by defendants' actions described herein (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation or other entity related to or affiliated with any defendants.

22. This action is properly maintainable as a class action.

23. The Class is so numerous that joinder of all members is impracticable. Black & Decker has outstanding approximately 22 million shares owned by thousands of shareholders.

24. There are questions of law and fact which are common to the Class including, *inter alia*, the following:

(a) whether the Individual Defendants have breached their fiduciary duties of undivided loyalty and due care with respect to plaintiff and the other members of the Class in connection with the Proposed Transaction;

- 6 -

#1182538v.1

(b)     whether the Individual Defendants have erected barriers designed to deter interested bidders, other than Stanley;

(c)     whether the Individual Defendants have disclosed to the Company's public shareholders all material information necessary for said shareholders to make a decision as to whether to vote in support of the Proposed Transaction;

(d)     whether plaintiff and the other members of the Class will be irreparably harmed if the transactions complained of herein are consummated.

25.     Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff does not have any interests adverse to the Class.

26.     Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature and will fairly and adequately protect the interests of the Class.

27.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the party opposing the Class.

28.     Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

29.     Despite recent difficulties caused by the global recession and corporate re-structuring, the long term prospects for Black & Decker's products and finances are "very bright." Defendant Archibald stated as much in publicly disseminated statements to analysts on November 2, 2009, in which defendant Archibald stated the Proposed Transaction was not the result of the recession. According to news reports, defendant Archibald stated:

> Both companies [Black & Decker and Stanley] were weathering this downturn extremely well. Both companies had a very bright future on a stand-alone basis.

30. Archibald's statement above demonstrates that the Proposed Transaction is not in the best interests of Black & Decker's shareholders, who will lose control of a company that according to its own Chief Executive Officer has a very bright future as a stand-alone entity.

31. Defendant Archibald further stated on November 2, 2009, that he himself had been involved in negotiations with Stanley for the sale of Black & Decker, despite his receiving an offer of employment from Stanley, a clear conflict of interest. Archibald further revealed that negotiations to sell the Company to Stanley had been on-going for six months.

32. On November 2, 2009, the Company announced the Proposed Transaction in a press release. The November 2, 2009 press release stated in pertinent part:

NEW BRITAIN, Conn. & TOWSON, Md.--(BUSINESS WIRE)--Nov. 2, 2009-- The Stanley Works (NYSE:SWK) and The Black & Decker Corporation (NYSE:BDK):

The Stanley Works (NYSE:SWK), a worldwide supplier of quality tools and engineered solutions for industrial, construction and do-it-yourself use, and security solutions for commercial applications, and The Black & Decker Corporation (NYSE:BDK), a global manufacturer and marketer of quality power tools and accessories, hardware and home improvement products, and technology-based fastening systems, announced today that they have entered into a definitive merger agreement to create Stanley Black & Decker, an $8.4 billion global industrial leader in an all-stock transaction valued at approximately $4.5 billion.

Under the terms of the transaction, which has been approved by the boards of directors of both companies, Black & Decker shareholders will receive a fixed ratio of 1.275 shares of Stanley common stock for each share of Black & Decker common stock they own, representing an implied premium of 22.1% to Black & Decker's share price as of Friday, October 30, 2009. Upon closing, which is expected in the first half of 2010, Stanley shareholders will own approximately 50.5% of the equity of the combined company and Black & Decker shareholders will own approximately 49.5%. The nine members of the current Stanley Board of Directors will be joined by six new members from Black & Decker's Board of Directors.

John F. Lundgren, Chairman and Chief Executive Officer of Stanley, will be President and Chief Executive Officer of the combined company. Nolan D. Archibald, Chairman, President, and Chief Executive Officer of Black & Decker, who has been CEO for 24 years, will be Executive Chairman of the combined company for three years.

Mr. Archibald commented, "While we are pleased with the initial premium of approximately 22%, the driving motivation of the transaction is the present value of the $350 million in annual cost synergies and the combined financial strength and product offerings of the merged companies. The complementary product and market fit of these two companies creates significant value for both companies' shareholders that neither company can accomplish on a stand-alone basis. Joining forces with Stanley brings together two world-class companies with rich histories and strong track records in a one-of-a-kind opportunity to create outstanding benefits for our respective shareholders, customers and employees. We are excited by the opportunity to combine Black & Decker's unmatched lineup of power tools and security hardware with Stanley's leading franchise of hand tools and security products and services in a transaction that is both strategically compelling and financially attractive to the stakeholders of both companies. In addition to the new company's iconic brands, we each share a common heritage and passion for developing innovative products that meet the evolving needs of our end users, along with a commitment to operational excellence that will make us a supplier of choice across these categories."

33.   The timing of the Proposed Transaction has been engineered to take advantage of a recent decline in the trading price of Black & Decker's shares. Rather than negotiate a deal to maximize the interests of the Company's shareholders, the Individual Directors have approved a deal that secures a majority of them a seat on the Stanley board of directors, and strips the Company's shareholders of control of the Company. The Offer Price reflects an inadequate premium to the trading price of the Company's common stock prior to the announcement of the Proposed Transaction given that Black & Decker has a bright future as a stand-alone entity and given that Black & Decker's shareholders will be ceding control of the Company.

34.   Unless enjoined by this Court, the defendants will continue to breach and/or aid the breaches of fiduciary duties owed to plaintiff and the Class, and may consummate the Proposed Transaction that will deprive Class members of their fair share of Black & Decker's valuable assets and businesses, to the irreparable harm of the Class.

35.   Plaintiff and the other members of the Class have no adequate remedy at law.

## COUNT I
### Claim for Breaches of Fiduciary Duties
### Against the Individual Defendants

36.   Plaintiff repeats and re-alleges each allegation set forth herein.

37. The Individual Defendants have violated their fiduciary duties of care and loyalty owed to the public shareholders of Black & Decker. By the acts, transactions and courses of conduct alleged herein, the Individual Defendants, individually and acting as a part of a common plan, are attempting to unfairly deprive plaintiff and other members of the Class of the true value of their investment in Black & Decker.

38. The Individual Defendants have violated their fiduciary duties by agreeing to the Proposed Transaction to the detriment of plaintiff and the Company's public shareholders. By agreeing to the Proposed Transaction the Individual Defendants have deprived plaintiff and members of the proposed Class of the true value of their investment in Black & Decker.

39. As demonstrated by the allegations above, the Individual Defendants have failed to exercise the care required, and breached their duties of loyalty because, among other reasons:

  (a) they have failed to properly value the Company;

  (b) they have failed to disclose all material information to the Company's shareholders to allow them to make an informed decision as to whether to vote in support of the Proposed Transaction; and

  (c) they have failed to take steps to maximize the value of Black & Decker to its public shareholders.

40. Unless enjoined by this Court, the Individual Defendants will continue to breach their fiduciary duties owed to plaintiff and the other members of the Class, and may consummate the Proposed Transaction, which will deprive the Class of its fair proportionate share of Black & Decker's valuable assets and businesses, to the irreparable harm of the Class.

41. Plaintiff and the Class have no adequate remedy at law. Only through the exercise of this Court's equitable powers can plaintiff and the Class be fully protected from the immediate and irreparable injury, which the Individual Defendants' actions threaten to inflict.

## COUNT II
### Against Stanley
### For Aiding and Abetting Breaches of Fiduciary Duties

42. Plaintiff repeats and re-alleges each allegation set forth herein.

43. Defendant Stanley by reason of its status as a party to the Proposed Transaction, and its possession of non-public information, has aided and abetted the Individual Defendants in the aforesaid breach of their fiduciary duties.

44. Such breaches of fiduciary duties could not and would not have occurred but for the conduct of defendant Stanley, who, therefore, aided and abetted such breaches in the sale of Black & Decker to Stanley.

45. As a result of the unlawful actions of defendant Stanley, plaintiff and the other members of the Class will be irreparably harmed in that they will be forced into making decisions concerning the value of their investment in the Company without sufficient information necessary to make such a decision and they will not receive fair value for Black & Decker's assets and business. Unless the actions of defendant Stanley are enjoined by the Court, defendant Stanley will continue to aid and abet the Individual Defendants' breaches of their fiduciary duties owed to plaintiff and the members of the Class.

46. Plaintiff and the Class have no adequate remedy at law.

### PRAYERS FOR RELIEF

WHEREFORE, plaintiff demands relief, in plaintiff's favor and in favor of the Class and against defendants, as follows:

a) Declaring and decreeing that the Proposed Transaction was entered into in breach of the fiduciary duties of defendants and is therefore unlawful and unenforceable;

b) Enjoining defendants, their agents, counsel, employees and all persons acting in concert with them from consummating the Proposed Transaction, unless and

until the Company adopts and implements a procedure or process to obtain a merger agreement providing the best possible terms for shareholders;

c) Directing the Individual Defendants to exercise their fiduciary duties to obtain a transaction that is in the best interests of Black & Decker's shareholders until the process for the sale or auction of the Company is completed and the best possible consideration is obtained for Black & Decker;

d) Rescinding, to the extent already implemented, the terms of the Proposed Transaction;

e) Awarding plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees; and

f) Granting such other and further equitable relief as this Court may deem just and proper.

Respectfully submitted,

TYDINGS & ROSENBERG LLP

By: /s/
John B. Isbister
Daniel S. Katz
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
(410) 752-9700

*Attorneys for Plaintiff*

OF COUNSEL:

**THE WEISER LAW FIRM, P.C.**
Patricia C. Weiser, Esquire
Debra S. Goodman, Esquire
Henry J. Young, Esquire
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087
Telephone: 610-225-2677