# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## (Northern Division)

| | |
|---|---|
| WILLARD JACOBS,<br><br>Plaintiff,<br><br>v.<br><br>NOLAN D. ARCHIBALD; *et al.*<br><br>Defendants. | Civil Action No. 09-cv-03012 |

## ANSWER TO COMPLAINT

Defendant, M. Anthony Burns ("Defendant Burns"), by undersigned counsel, hereby files this Answer to Plaintiff's Complaint and states as follows:

### PRELIMINARY STATEMENT

Defendant Burns denies each and every allegation contained in the Complaint, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any averment or in the Complaint as a whole. Moreover, Defendant Burns specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint. Defendant Burns expressly reserves

the right to supplement these responses, and expressly reserves any and all affirmative defenses available to him.

## SUMMARY OF THE ACTION

1. Defendant Burns is without sufficient information to admit or deny whether Plaintiff is a stockholder of The Black & Decker Corporation ("Black & Decker" or the "Company"). Except as stated, Defendant Burns denies allegations of this paragraph.

2. Defendant Burns admits that the Proposed Transaction has been approved by the board of Directors of both Black & Decker and The Stanley Works, Inc. ("Stanley"). Except as stated, Defendant Burns denies the remaining allegations of this paragraph.

3. Defendant Burns denies the allegations of this paragraph.

4. Defendant Burns denies the allegations of this paragraph.

## PARTIES

5. Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

6. Defendant Burns admits the allegations of this paragraph.

7. Defendant Burns admits that Stanley is a Connecticut corporation with a principal place of business in New Britain, Connecticut. Defendant Burns

further admits that Stanley shares trade on the New York Stock Exchange under the symbol ("SWK") and that Stanley manufactures tools and other construction related product. Except as stated, Defendant Burns denies the remaining allegations of this paragraph.

8. Defendant Burns admits only that Nolan Archibald is Chairman, President and Chief Executive Officer of Black & Decker. Except as stated, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

9. Defendant Burns admits only that Norman R. Augustine is a Company director. Except as stated, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph.

10. Defendant Burns admits only that Barbara L. Bowles is a Company director. Except as stated, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

11. Defendant Burns admits only that George W. Buckley is a Company director. Except as stated, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph.

12. Defendant Burns admits the allegations of this paragraph.

13. Defendant Burns admits only that Kim B. Clark is a Company director. Except as stated, Defendant Burns is without sufficient information to admit or

deny the allegations of this paragraph, and therefore, denies the same.

14. Defendant Burns admits only that Manual A. Fernandez is a Company director. Except as stated, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

15. Defendant Burns admits only that Benjamin H. Griswold, IV is a Company director. Except as stated, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

16. Defendant Burns admits only that Anthony Luiso is a Company director. Except as stated, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

17. Defendant Burns admits only that Robert L. Ryan is a Company director. Except as stated, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

18. Defendant Burns admits only that Mark H. Willes is a Company director. Except as stated, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

19. Defendant Burns admits that six members of Black & Decker's Board will join the nine members of Stanley's Board of Directors after the consummation of the Proposed Transaction as members of the board of directors of

the combined company. Except as stated, Defendant Burns denies the remaining allegations of this paragraph.

20. Defendant Burns admits only that the Individual Defendants owe fiduciary duties to the public shareholders. Except as stated, Defendant Burns denies the remaining allegations of this paragraph.

## CLASS ACTION ALLEGATIONS

21. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant Burns denies specifically that he, or anyone else, have or will be harmed by Defendants' action or inaction. Except as stated, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

22. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

23. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

24. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

24(a). The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph.

24(b). The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

24(c). The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

24(d). The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is

deemed to be required, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

25. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

26. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

27. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

28. The allegations contained in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendant Burns is without sufficient information to admit or deny the allegations of this paragraph, and therefore, denies the same.

## FACTUAL ALLEGATIONS

29. Defendant Burns admits only that on November 2, 2009, Black & Decker and Stanley issued a press release regarding the Proposed Transaction. Except as stated, Defendant Burns is without sufficient information to admit or deny the remaining allegations of this paragraph, and therefore, denies the same.

30. Defendant Burns denies the allegations of this paragraph.

31. Defendant Burns denies the allegations of this paragraph.

32. Defendant Burns admits that on November 2, 2009, Black & Decker announced the Proposed Transaction in a press release and admits that the quoted portions of the press release are accurate.

33. Defendant Burns denies the allegations of this paragraph.

34. Defendant Burns denies the allegations of this paragraph.

35. Defendant Burns denies the allegations of this paragraph.

## COUNT I
### Claim for Breaches of Fiduciary Duties
### Against the Individual Defendants

36. Defendant Burns incorporates by reference his responses to the foregoing allegations of the Complaint.

37. Defendant Burns denies the allegations of this paragraph.

38. Defendant Burns denies the allegations of this paragraph.

39. Defendant Burns denies the allegations of this paragraph.

39(a). Defendant Burns denies the allegations of this sub-paragraph.

39(b). Defendant Burns denies the allegations of this sub-paragraph.

39(c). Defendant Burns denies the allegations of this sub-paragraph.

40. Defendant Burns denies the allegations of this paragraph.

41. Defendant Burns denies the allegations of this paragraph.

**COUNT II**
**Against Stanley**
**For Aiding and Abetting Breaches of Fiduciary Duties**

42-46. The allegations of paragraphs 42-46 are not directed to Defendant Burns, and as such, no response is required.

**PRAYERS FOR RELIEF**

In response to the unnumbered paragraph beginning "WHEREFORE," Defendant Burns denies that Plaintiff is entitled to any damages or relief whatsoever, including but not limited to the relief sought in sub-paragraphs (a)-(f), and demand strict proof thereof.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against Defendant Burns from which relief can be defended.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this lawsuit.

## THIRD AFFIMATIVE DEFENSE

Plaintiff's claims are barred by the Maryland General Corporation Law's explicit prohibition against any direct stockholder claim against a director for breach of duty in connection with a stock-for-stock merger.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint cannot be brought as a direct or class action but can be brought only as a derivative action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint has not, and cannot, satisfy the prerequisites to maintenance of a derivative action under Maryland law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to make a demand on the Board as required under Maryland law, which demand would not be futile.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege a sufficient direct injury.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot overcome the presumptions of the Business Judgment Rule.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

Defendant Burns did not violate any statute or law, as alleged by plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any recovery from Defendant Burns because at all relevant times, Defendant Burns acted diligently and reasonably and complied with his fiduciary duties of care and loyalty with respect to the Proposed Transaction at issue in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery from Defendant Burns because no act or omission of Defendant Burns was a cause in fact or the proximate cause of any damage to Plaintiff.

## THIRTEENH AFFIRMATIVE DEFENSE

Plaintiff does not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any, and failed to exercise due diligence in an effort to mitigate their alleged damages (to which, in any event, they are not entitled to recover against Defendant Burns).

## FIFTEENTH AFFIRMATIVE DEFENSE

Section 5-418 of the Maryland General Corporation Law precludes Plaintiff from obtaining any monetary recovery from Defendant Burns.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant Burns denies that Plaintiff is entitled to attorneys' fees under any act or theory making the basis of Plaintiff's' claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant Burns reserves the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which he may become aware through discovery or other investigation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant Burns hereby adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any of the other Defendants to the extent that Defendant Burns may share in such a defense.

WHEREFORE, Defendant M. Anthony Burns prays for judgment as follows:

1. Dismissal with prejudice of the Complaint in its entirety;

2. For such other relief as this Court deems just and proper, including but not limited to, disbursement and reasonable attorneys' fees incurred by Defendant M. Anthony Burns in defending this action plus interest on any sums awarded hereunder.

Dated: November 13, 2009

Respectfully Submitted,

HOGAN & HARTSON L.L.P.

By: /s/

Mark D. Gately (Bar Number 00134)
Scott R. Haiber (Bar Number 25947)
Lauren S. Colton (Bar Number 26503)
Andrea W. Trento (Bar Number 28816)
Harbor East
100 International Drive, Suite 2000
Baltimore, MD 21202
Telephone: (410) 659-2700
Facsimile: (410) 659-2701

*Counsel for Defendant M. Anthony Burns*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| WILLARD JACOBS, <br><br> Plaintiff, <br><br> v. <br><br> NOLAN D. ARCHIBALD; *et al.* <br><br> Defendants. | Civil Action No. 09-cv-03012 <br><br> **CERTIFICATE OF SERVICE** |

I HEREBY CERTIFY that on this 13th day of November, 2009, a copy of the foregoing Answer, and accompanying letter to the Clerk of the Court, was served, by First Class Mail, on:

>John B. Isbister
>TYDINGS & ROSENBERG LLP
>100 East Pratt Street, 26th Floor
>Baltimore, MD 21202
>
>*Counsel for Plaintiff*
>
>G. Stewart Webb, Jr.
>VENABLE LLP
>750 E. Pratt Street
>Suite 900
>Baltimore, MD 21202
>
>*Counsel for Defendant The Stanley Works*

The Black & Decker Corporation
c/o Charles E. Fenton
General Counsel
The Black & Decker Corporation
701 East Joppa Road
Towson, MD 21286


Nolan D. Archibald
c/o Charles E. Fenton
General Counsel
The Black & Decker Corporation
701 East Joppa Road
Towson, MD 21286


Norman R. Augustine
c/o Charles E. Fenton
General Counsel
The Black & Decker Corporation
701 East Joppa Road
Towson, MD 21286


Barbara L. Bowles
c/o Charles E. Fenton
General Counsel
The Black & Decker Corporation
701 East Joppa Road
Towson, MD 21286


George W. Buckley
c/o Charles E. Fenton
General Counsel
The Black & Decker Corporation
701 East Joppa Road
Towson, MD 21286

Kim B. Clark
c/o Charles E. Fenton
General Counsel
The Black & Decker Corporation
701 East Joppa Road
Towson, MD 21286


Manuel A. Fernandez
c/o Charles E. Fenton
General Counsel
The Black & Decker Corporation
701 East Joppa Road
Towson, MD 21286


Benjamin H. Griswold, IV
c/o Charles E. Fenton
General Counsel
The Black & Decker Corporation
701 East Joppa Road
Towson, MD 21286


Anthony Luiso
c/o Charles E. Fenton
General Counsel
The Black & Decker Corporation
701 East Joppa Road
Towson, MD 21286


Robert L. Ryan
c/o Charles E. Fenton
General Counsel
The Black & Decker Corporation
701 East Joppa Road
Towson, MD 21286

Mark H. Willes
c/o Charles E. Fenton
General Counsel
The Black & Decker Corporation
701 East Joppa Road
Towson, MD 21286

_____
Mark D. Gately
HOGAN & HARTSON LLP
Harbor East
100 International Drive, Suite 2000
Baltimore, MD 21202
Telephone: (410) 659-2700
Facsimile: (410) 659-2701
mdgately@hhlaw.com