IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| JOHN B. GRAZIADEI, Derivatively On Behalf of The Black & Decker Corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>NOLAN D. ARCHIBALD, *et al.*,<br><br>   Defendants,<br><br>   and<br><br>THE BLACK & DECKER CORPORATION,<br><br>   Nominal Defendant. | Civil Action No. 09-cv-3011-WMN |
| WILLARD JACOBS, on Behalf of Himself and All Others Similarly Situated,<br><br>   Plaintiff,<br><br>   v.<br><br>NOLAN D. ARCHIBALD, *et al.*,<br><br>   Defendants. | Civil Action No. 09-cv-3012-WMN |

[Caption continued on following page]

**STIPULATION AND PROPOSED
CONSOLIDATION ORDER**

| | |
|---|---|
| LEONARD C. MAINOR and ROBERT C. RICCI, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NOLAN D. ARCHIBALD, *et al.*, <br><br> Defendants. | Civil Action No. 09-cv-3024-WMN |
| MARK D. PERRIN, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NOLAN D. ARCHIBALD, *et al.*, <br><br> Defendants. | Civil Action No. 09-cv-3120-WMN |
| SHEILA SIMON, Derivatively on Behalf of Nominal Defendant THE BLACK & DECKER CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> NOLAN ARCHIBALD, *et al.*, <br><br> Defendants, <br><br> and <br><br> THE BLACK & DECKER CORPORATION, <br><br> Nominal Defendant. | Civil Action No. 09-cv-3343-WMN |

WHEREAS, three putative shareholder class actions (the "Class Actions") relating to the proposed merger of the Black & Decker Corporation and The Stanley Works (the "Merger") currently are pending before this Court (*Jacobs v. Archibald, et al.*, Civil Action No. 09-cv-3012; *Mainor, et al. v. Archibald, et al.*, Civil Action No. 09-cv-3024; and *Perrin v. Archibald, et al.*, Civil Action No. 09-cv-3120); and

WHEREAS, two putative shareholder derivative actions (the "Derivative Actions") relating to the Merger also are pending before this Court (*Graziadei v. Archibald, et al.*, Civil Action No. 09-cv-3011; and *Simon v. Archibald, et al.*, Civil Action No. 09-cv-3343[1]); and

WHEREAS, the Class Actions and the Derivative Actions all involve common issues of law or fact;

Now therefore, pursuant to Fed. R. Civ. P. 42, the parties to the above-captioned actions stipulate, subject to Court approval, as follows:

## CONSOLIDATION OF RELATED CASES

1. The Derivative Actions and the Class Actions are hereby consolidated for all purposes into a single consolidated action. The consolidated action shall be captioned: "In re Black & Decker Shareholder Litigation".

2. All actions by Black & Decker shareholders arising out of or related to the Merger that are subsequently filed in, or transferred to, this District ("Related Actions") shall be consolidated into the consolidated action. This Order shall apply to every such Related Action, absent order of the Court. A party that objects to such consolidation, or to any other provision of this Order, must file an application for relief from this Order within thirty (30) days after the date on which a copy of the order is mailed to the party's counsel, pursuant to Paragraph 7.

---

[1] The Plaintiff in the *Simon* action submitted a demand letter to the Black & Decker Board of Directors several weeks before filing suit.

3

3. This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

## MASTER DOCKET AND CAPTION

4. The docket in Civil Action No. 1:09-CV-03011 shall constitute the Master Docket for this action.

5. Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| In re BLACK & DECKER SHAREHOLDER LITIGATION | ) ) ) ) ) ) | CLASS ACTION Civil Action No. 09-cv-3011 |
|---|---|---|

6. The file in Civil Action No. 1:09-CV-03011 shall constitute a Master File for every action in the consolidated action.

7. The parties shall file a Notice of Related Case whenever they learn that a case that should be consolidated into this action is filed in, or transferred to, this District. If the Court determines that the case is related, the clerk shall:

    a. place a copy of this Order in the separate file for such action and

    b. make the appropriate entry in the Master Docket.

Promptly thereafter, the Chair of Plaintiffs' Executive Committee (as defined in paragraph 9 hereof) shall:

    a. serve on plaintiff's counsel in the new case a copy of this Order and

    b. serve upon defendants in the new case a copy of this Order.

## OPERATIVE PLEADING

8. On or before January 22, 2010, Plaintiffs in the above-captioned actions shall jointly file a Consolidated Amended Class and Derivative Complaint (the "Consolidated Amended Complaint") asserting both purported class and derivative claims. The Consolidated Amended Complaint shall supersede the complaints previously filed in the above-captioned actions.

## LEAD PLAINTIFFS' COUNSEL

9. The firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") is hereby designated as Chair of Plaintiffs' Executive Committee of Counsel (the "Executive Committee") and Brown Goldstein & Levy, LLP as Plaintiffs' Liaison Counsel. Counsel for Plaintiffs in the Consolidated Action shall form an Executive Committee, which shall consist of Coughlin Stoia, the Weiser Law Firm, P.C., Carney Williams Bates Bozeman & Pulliam, PLLC, Branstetter Stranch & Jennings PLLC, and Wolf Haldenstein Adler Freeman & Herz LLP. The Chair of the Executive Committee shall have authority to speak for, and enter into agreements on behalf of, plaintiffs in all matters, and shall be responsible for coordination of all activities and appearances on behalf of plaintiffs and for dissemination of notices and orders. The Chair of the Executive Committee shall also be responsible for communications on behalf of Plaintiffs with the Court.

10. Defendants' counsel may rely upon agreements made with the Chair of the Executive Committee. Such agreements shall be binding on all plaintiffs.

DATED: January 19, 2010

| /s/ | /s/ |
|---|---|
| Daniel F. Goldstein<br>BROWN GOLDSTEIN & LEVY, LLP<br>120 East Baltimore Street, Suite 1700<br>Baltimore, Maryland 21202<br>Tel: 410-962-1030<br>Fax: 410-385-0869<br>dfg@browngold.com<br><br>David A. Rosenfeld<br>Joseph Russello<br>COUGHLIN STOIA GELLER<br>   RUDMAN & ROBBINS LLP<br>58 South Service Road, Suite 200<br>Melville, New York 11747<br>Tel: 631-367-7100<br>Fax: 631-367-1173<br><br>Brian Murray<br>MURRAY, FRANK & SAILER LLP<br>275 Madison Avenue, Suite 801<br>New York, NY 10016<br>Telephone: 212/682-1818<br><br>*Counsel for Plaintiff John B. Graziadei* | Mark D. Gately (Bar Number 00134)<br>Scott R. Haiber (Bar Number 25947)<br>Lauren S. Colton (Bar Number 26503)<br>Andrea W. Trento (Bar Number 28816)<br>HOGAN & HARTSON LLP<br>Harbor East<br>100 International Drive<br>Suite 2000<br>Baltimore, MD 21202<br>Tel: 410-659-2700<br>Fax: 410-659-2701<br>mdgately@hhlaw.com<br><br>*Counsel for Defendants Nolan D. Archibald, Norman R. Augustine, Barbara L. Bowles, George W. Buckley, M. Anthony Burns, Kim B. Clark, Manuel A. Fernandez, Benjamin H. Griswold, IV, Anthony Luiso, Robert R. Ryan and Mark H. Willes in the Graziadei, Jacobs, Mainor, Perrin, and Simon Cases*<br><br>*Counsel for Defendant The Black & Decker Corporation in the Jacobs, Mainor and Perrin Cases* |
| /s/ | /s/ |
| Patricia C. Weiser<br>Debra S. Goodman<br>Henry J. Young<br>THE WEISER LAW FIRM, P.C.<br>121 North Wayne Avenue, Suite 100<br>Wayne, PA 19087<br>Telephone: 610/225-2677<br><br>*Counsel for Plaintiff Willard Jacobs* | John Edward McCann, Jr. (Bar Number 10028)<br>MILES AND STOCKBRIDGE PC<br>10 Light Street<br>Baltimore, MD 21202-1487<br>Tel: 410-385-3586<br>Fax: 410-385-3700<br>jmccann@milestockbridge.com<br><br>*Counsel for Defendant The Black & Decker Corporation in the Graziadei and Simon Cases* |

| /s/ | /s/ |
|---|---|
| Randall K. Pulliam<br>CARNEY WILLIAMS BATES<br>   BOZEMAN & PULLIAM, PLLC<br>11311 Arcade Drive, Suite 200<br>Little Rock, AR 72212<br>Telephone: 501/312-8500<br><br>*Counsel for Plaintiffs Leonard C. Mainor and Robert C. Ricci* | G. Stewart Webb, Jr. (Bar Number 00828)<br>VENABLE LLP<br>750 E. Pratt Street<br>Suite 900<br>Baltimore, MD 21202<br>Telephone: (410) 244-7400<br>Facsimile: (410) 244-7742<br>gswebb@venable.com<br><br>Elizabeth L. Grayer<br>CRAVATH, SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>Tel: 212-474-1000<br>Fax: 212-474-1001<br>EGrayer@cravath.com<br><br>*Counsel for Defendants The Stanley Works, Inc. and Blue Jay Acquisition Corp.* |

/s/
James G. Stranch, III
J. Gerard Stranch, IV
Steven J. Simerlein
BRANSTETTER, STRANCH &
JENNINGS PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201
Telephone: 615/254-8801

Scott E. Poynter
EMERSON POYNTER LLP
500 President Clinton Avenue, Suite 305
Little Rock, AR 72201
Telephone: 501/907-2556

*Counsel for Plaintiff Mark D. Perrin*

/s/
Donald J. Enright (MD13551)
FINKELSTEIN THOMPSON LLP
1050 30th St. N.W.
Washington, DC 20007
Tel: (202) 337-8000

Gregory M. Nespole
Gustavo Bruckner
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016

Jacob T. Fogel, Esq.
LAW OFFICE OF JACOB FOGEL, P.C.
32 Court Street – Suite #602
Brooklyn, New York 11201

*Counsel for Plaintiff Sheila Simon*


THE FOREGOING STIPULATION
IS APPROVED AND IS SO ORDERED.


DATED: _____          _____
                                  United States District Court Judge