FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2010 AUG 10  A II: 18

CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

NORTHERN DIVISION

| | | |
|---|---|---|
| In re BLACK & DECKER SHAREHOLDER LITIGATION | ) ) ) | No. 1:09-cv-03011-WMN |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | |
| ALL ACTIONS. | ) ) | |

[PROPOSED] ORDER AND FINAL JUDGMENT

573978_1

WHEREAS, a hearing having been held before this Court on August 10, 2010 (the "Settlement Hearing"), pursuant to the Court's Order of April 22, 2010 (the "Preliminary Approval Order"), upon a Stipulation of Compromise and Settlement dated April 13, 2010 (the "Stipulation" or "Settlement"); it appearing that due notice of the Settlement Hearing was given in accordance with the aforesaid Preliminary Approval Order and that the notice was adequate and sufficient; the respective parties having appeared by their attorneys of record; the attorneys for the respective parties having been heard in support of the Settlement; an opportunity to be heard having been given to all other persons desiring to be heard, as provided in the Notice to the Class (as defined below); and the entire matter of the proposed Settlement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.      The Stipulation and the exhibits attached thereto are incorporated herein by reference as though fully set forth in this Order.  Unless otherwise defined herein, all capitalized terms shall have the meaning set forth in the Stipulation.

2.      Based on the record of the Action, each of the provisions of Rule 23 and Rule 23.1 of the Federal Rules of Civil Procedure has been satisfied and the Action has been properly maintained in accordance with such provisions.  Specifically, this Court finds that (i) the members of the Settlement Class (as defined herein) are so numerous that joinder of all members ("Class Members") is impracticable; (ii) there are questions of law or fact common to the Settlement Class that predominate over any individual questions; (iii) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (iv) the Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class; (v) the prosecution of separate actions by Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of

- 1 -

conduct for the Defendants; and (vi) the Defendants have acted on grounds generally applicable to all Class Members, thereby making appropriate final injunctive or declarative relief.

3.      For purposes of the Settlement, the Action is hereby certified as a mandatory, non-opt-out class action, pursuant to Rules 23(a), 23(b)(1), and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all public common shareholders of Black & Decker (excluding Defendants and their immediate families) during the period from and including April 1, 2009 through and including March 12, 2010 (the "Class Period"), including any and all of their immediate or remote successors in interest, representatives, trustees, executors, administrators, heirs, beneficiaries, assigns or transferees, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them (the "Settlement Class" or "Class"). For purposes of this Settlement, Plaintiffs in the Action are hereby designated as Class representatives and their counsel as Class counsel.

4.      A Notice of Pendency of Class and Derivative Action, Proposed Settlement, Settlement Hearing, and Right to Appear ("Notice to the Class") has been given to the Settlement Class pursuant to and in the form and manner directed by the Preliminary Approval Order; proof of mailing of the Notice to the Class has been filed with the Court; and full opportunity to be heard has been offered to all Parties, Class Members, and persons in interest. The form and manner of the Notice to the Class is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure.

5.      Due and adequate notice of the proceedings having been given and a full opportunity having been offered to the members of the Settlement Class to participate in the Settlement Hearing, or object to the Settlement, it is hereby determined that all members of the Settlement Class are properly bound by this Order and Final Judgment.

573978_1

6.     The Court hereby approves the Stipulation and the Settlement as, in all respects, fair, reasonable, and adequate to the Settlement Class, and in the best interests of the Settlement Class and Black & Decker.   The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions; and the Clerk is directed to enter and docket this Order and Final Judgment in the Action.   All objections have been considered by the Court, are found to be without merit, and are hereby overruled.

7.     The claims of Plaintiffs and the Settlement Class in the Action are hereby dismissed on the merits and with prejudice as to all Defendants, with each party to bear his, her, or its own costs, except as otherwise provided herein or in the Stipulation.

8.     Upon Final Court Approval, any and all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown (including Unknown Claims, as defined below), contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been or could have been asserted in the Shareholder Actions, the Action, or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal, state or foreign law, including claims relating to alleged fraud, breach of any duty, negligence or violation of federal or state securities laws) by or on behalf of Plaintiffs and any and all of the members of the Class (and Plaintiffs' and Class members' present or past heirs, beneficiaries, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial, legal and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities), whether individual, class, derivative, representative, legal, equitable of any other type or in any other capacity against

any and all Defendants, and/or any of their families, parent entities, associates, affiliates or subsidiaries and each and all of their respective past or present officers, directors, trustees, managing directors, shareholders, stockholders, unitholders, members, representatives, employees, attorneys, financial or investment advisors, lenders, underwriters, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents, heirs, beneficiaries, executors, general or limited partners or partnerships, personal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Persons"), that Plaintiffs or any member of the Class ever had or now has, or may have by reason of, arising out of, relating to or in connection with the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, set forth or otherwise related to the Shareholder Actions, the Action, the Merger, the Merger Agreement, the First Preliminary Proxy Statement, the Second Preliminary Proxy Statement or the Definitive Proxy Statement, and the transactions contemplated therein, including, without limitation, any disclosures, non-disclosures or public statements made in connection with any of the foregoing (collectively, the "Settled Claims"), are hereby fully, finally and forever released, compromised, settled, extinguished, discharged, and dismissed with prejudice on the merits pursuant to the terms and conditions herein and in the Stipulation. For the avoidance of any doubt, nothing in this release is meant to release any federal securities claim any member of the Class may have against Stanley as a shareholder of Stanley to the extent that such federal securities law claim is not based on the Merger, the Merger Agreement or any disclosures, non-disclosures on public statements made in connection with the Merger or Merger Agreement. Notwithstanding the foregoing, claims to enforce the Settlement are excluded from the Settled Claims.

- 4 -

9.      The Settled Claims shall extend to claims that Plaintiffs, for themselves and on behalf of the Class, do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into the release or to object or not to object to the Settlement ("Unknown Claims"). Plaintiffs and each member of the Class shall be deemed to have waived, and shall have waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of unknown claims.  Furthermore: (i) Plaintiffs, for themselves and on behalf of the Class, shall be deemed to have waived, and shall have waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;

(ii) Plaintiffs, for themselves and on behalf of the Class, also shall be deemed to have waived, and shall have waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542; and (iii) Plaintiffs, for themselves and on behalf of the Class, have acknowledged that members of the Class and/or other Black & Decker shareholders may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention, as Plaintiffs and on behalf of the Class, to fully, finally and forever settle and release any and all claims released hereby, known or

- 5 -

573978_1

unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

10.     Upon Final Court Approval, each of the Defendants, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under any of them, and each of them, do hereby release Plaintiffs, the Class, and Plaintiffs' counsel from any and all claims arising out of or relating to their filing and prosecution of the Action or the Shareholder Actions.

11.     Plaintiffs, Class counsel, and all Class Members, either directly, individually, derivatively, representatively or in any other capacity, are permanently barred and enjoined from instigating, instituting, commencing, asserting, prosecuting, continuing or participating in any way in the maintenance of any of the Settled Claims in any court or tribunal of this or any other jurisdiction.

12.     Plaintiffs' counsel are awarded attorneys' fees and expenses in the amount of $_575,000_, which amount shall be paid by Black & Decker or its successors in interest pursuant to the terms of the Stipulation. The Court finds this sum to be fair and reasonable.

13.     The effectiveness of this Order and Final Judgment and the obligations of Plaintiffs and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from the Order and Final Judgment that relates solely to the issue of Plaintiffs' counsel's application for an award of attorneys' fees and expenses.

14.     Neither this Order and Final Judgment, nor the Stipulation and the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Settled Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be

- 6 -

deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any proceeding of any sort in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation or the Settlement provided therein, or this Order and Final Judgment; Defendants may file the Stipulation and/or this Order and Final Judgment in any action that has been brought or may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction or any theory of claim preclusion or similar defense or counterclaim.

15.    In accordance with the Stipulation, in the event that this Order and Final Judgment is hereafter reversed or modified in any material respect, then this Order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.    Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement, including the payment of attorneys' fees and expenses.

Dated this *10th* day of _____ *August* _____, 2010

_____

573978_1